986 F.2d 1413
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alfred M. FOWLER, III; Rita J. Fowler, Pl aintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 92-1714.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 1, 1993
Decided: February 25, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-91-3248-WN)
 Argued: James Joseph Nolan, Jr., Pierson, Pierson & Nolan, Baltimore, Maryland, for Appellants.
 Kathleen McDermott, Assistant United States Attorney, United States Attorney's Office, Baltimore, Maryland, for Appellee.
 On Brief: Richard D. Bennett, United States Attorney, United States Attorney's Office, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINS and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alfred M. and Rita J. Fowler appeal from an order of the district court granting summary judgment to the United States in the Fowlers' suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq.[1] The district court held that the Fowlers' action was barred by FTCA's two-year statute of limitations.
 
 
 2
 Alfred Fowler was removed from his position as the postmaster of the Columbia, Maryland, postal facility on January 9, 1986, and dismissed from the employment of the United States Postal Service, because of various allegations of misconduct, including interference with a Postal Inspection Service investigation. After a series of administrative and judicial appeals, Mr. Fowler was reinstated as postmaster on April 23, 1988, receiving back pay, benefits, and an award of attorneys' fees.
 
 
 3
 On October 27, 1988, Fowler and his wife Rita filed suit in the district court against several Postal Service employees, alleging that their tortious conduct, in particular their fabrications regarding the charge of interference with a Postal Inspection Service investigation, caused his wrongful termination.[2] Pursuant to the Federal Employees Liability Reform and Tort Compensation Act, the claims against the individual employees were dismissed, the United States substituted as party defendant, and the Fowlers' common law tort claims transformed into claims under FTCA. The suit was dismissed, however, for failure to exhaust administrative remedies by first presenting the claims to the Postal Service. Fowler v. Argubright (Fowler I ), No. 883233-WN (D. Md. Oct. 31, 1990); see 28 U.S.C. § 2675(a). After tort claims filed with the Postal Service pursuant to FTCA were rejected, the Fowlers brought this action against the United States on November 15, 1991. Because their complaint was nearly identical to that filed in Fowler I, the government moved for summary judgment[3] on the ground inter alia that the suit was barred for failure timely to pursue administrative remedies. The district court granted the government's motion and this appeal followed.
 
 
 4
 The parties agree that, under the FTCA limitations provisions set forth in 28 U.S.C. §§ 2401(b) and 2679(d)(5), the dispositive issue in this appeal is whether the tort claims filed in Fowler I on October 27, 1988, would have been timely had they been presented to the Postal Service for initial review on that date. The answer to this question turns upon whether the Fowlers' causes of action accrued within two years of October 27, 1988.
 
 
 5
 Mr. Fowler's injury for purposes of FTCA occurred on January 9, 1986, when he was wrongfully discharged. In a decision letter issued to Mr. Fowler on or before that date, the Postal Service apprised him of his termination and the reasons therefor. Fowler was thus aware of his injury and its cause well over two years before he filed Fowler I on October 27, 1988, an awareness confirmed by his prompt resort to the administrative appeals process.[4] We have read the briefs, heard oral argument, and given thorough consideration to the Fowlers' contentions. Finding no error in the order of the court below, Fowler v. United States, No. 91-3248-WN (D. Md. May 18, 1992), and agreeing that this suit was time-barred, we affirm on the reasoning of the district court.
 
 AFFIRMED
 
 
 [1]
 The district court granted the government's Motion to Dismiss and/or for Summary Judgment. See J.A. at 17. Because papers outside the pleadings were submitted in support and in opposition to the motion, we construe the district court's ruling as one granting summary judgment, and we review it as such
 
 
 [2]
 While Mr. Fowler alleged a number of common law tort claims including civil conspiracy, intentional infliction of emotional distress, abuse of process, and loss of consortium, his wife was a plaintiff solely with respect to the latter claim
 
 
 [3]
 See supra note 1
 
 
 [4]
 Appellants contend that the discovery rule discussed in United States v. Kubrick, 444 U.S. 111 (1979), should apply in this case. The discovery rule, which is most often applied in medical malpractice cases, provides that a claim accrues for purposes of FTCA when a plaintiff knows, or in the exercise of reasonable diligence should know, of both his injury and its cause. We are reluctant in a non-malpractice context to carve out another exception to the general rule under FTCA "that a tort claim accrues at the time of the plaintiff's injury," id. at 120. In any event, we need not proceed so far in this case: through the Postal Service decision letter and his participation in the administrative appeals process, Mr. Fowler knew or should have known of both his injury and its cause before October 27, 1986. Application of the discovery rule, thus, would not alter our conclusion that the Fowlers' suit was time-barred